UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISKANDER RASULEV,<br><br>                              Plaintiff,<br><br>v.<br><br>GOOD CARE AGENCY, INC.,<br><br>                              Defendant. | Case No.: 16 Civ. 1993<br><br>**CLASS ACTION AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Iskander Rasulev ("Plaintiff" or "Rasulev") by his attorneys Wittels Law, P.C. brings this action individually and on behalf of a class of persons defined below, against Defendant Good Care Agency, Inc. ("Defendant," "Good Care Agency" or the "Company") and alleges the following with knowledge as to his own acts, and upon information and belief as to all other acts:

## SUMMARY OF THIS COLLECTIVE AND CLASS ACTION
## TO RECOVER UNPAID OVERTIME

1. This suit seeks to remedy the illegal labor practices of Defendant Good Care Agency, an employment agency that places medical and non-medical personnel with patients who need medical and other home care assistance. Plaintiff and the Class are hard-working home health aides, nurses and other health care employees (collectively, "health care workers") employed by Good Care Agency who dedicate themselves to attending to these patients' needs.

2. Upon information and belief, Good Care Agency is a fast-growing company now servicing over 600 customers and employing more than 750 health care workers throughout New York.

3. Defendant Good Care Agency's rapid growth and success is attributable to the dedicated service of these health care workers. Nevertheless, although Plaintiff Mr. Rasulev and

other members of the Class typically work more than 40 hours per week to service Good Care Agency's expanding patient base and have helped Defendant accomplish its impressive growth, Good Care Agency fails to pay them the overtime compensation they are legally owed.

4.     Defendant's unlawful labor practices undoubtedly benefit its bottom line, but such benefits are in violation of overtime compensation laws set forth in New York State Labor Law and its implementing regulations ("NYLL" or "N.Y. Labor Law"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and its supporting regulations.

5.     Plaintiff Mr. Rasulev brings this action on behalf of himself and all similarly situated employees both as a class action under NYLL Art. 19, and as a collective action under the FLSA, 29 U.S.C. § 216(b).

6.     Because Defendant's unlawful conduct is ongoing, Plaintiff also seeks injunctive relief to ensure that Defendant's unlawful wage policies and practices do not continue.

## PARTIES

7.     At all times relevant to this action, Plaintiff Iskander Rasulev resided in Brooklyn and Queens, New York.  Plaintiff Rasulev was employed by Good Care Agency from August 22, 2015 until November 9, 2015.

8.     At all relevant times, Plaintiff Mr. Rasulev worked as a home health aide who regularly worked more than 40 hours per week.  Plaintiff Rasulev's Consent to Join this Collective Action is attached hereto as Exhibit A.

9.     Defendant Good Care Agency is a New York corporation with an office in Brooklyn, New York.  Good Care Agency is primarily in the business of placing home health aides and other health care professionals including nurses, physical therapists, occupational therapists, and speech therapists at the homes of patients with medical needs.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b) because Plaintiff seeks relief under federal law, specifically the FLSA, 29 U.S.C. § 201 *et seq*.

11. This court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332 (the "Class Action Fairness Act"). This action meets the prerequisites of the Class Action Fairness Act, because the aggregate claims of the Class exceed the sum or value of $5,000,000.00, the Class has more than 100 members, and diversity of citizenship exists between at least one member of the Class and Defendant.

12. This Court also possesses supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same case or controversy. Plaintiff's state law claims do not involve new or novel aspects of state law nor do they predominate over federal issues.

13. This Court has personal jurisdiction over Defendant because it is a New York corporation.

14. Venue is proper in this district under 28 USC § 1391 because Defendant resides in the Eastern District of New York as it is subject to this Court's personal jurisdiction and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

15. Upon information and belief, Good Care Agency was established in 2012 and has seen robust annual growth since then. Upon information and belief, the Company's yearly revenues have been well in excess of $500,0000 from 2012 to the present.

16. Good Care Agency has employees who handle goods and/or materials that have

been moved in or produced in interstate commerce. These include medical and non-medical devices and materials produced and/or moved in interstate commerce.

17. On information and belief, Good Care Agency's employees also engage in interstate commerce by billing insurance companies using instrumentalities of interstate commerce such as telephones, the Internet, and interstate banking systems.

### A. Good Care Agency's Wage and Hour Violations

#### i) Failure to Pay Overtime at the Proper Rate

18. During his tenure with Good Care Agency, Plaintiff Rasulev worked long hours, averaging 60 hours per week. The only weeks he worked less time were his first week (August 22, 2015 – August 28, 2015), during which he worked 48 hours, and his last week (November 7, 2015 – November 13, 2015), during which he worked 6 hours. The Company's typical pay process was to pay Mr. Rasulev for pay periods beginning on Saturday and ending on Friday.

19. Plaintiff Rasulev's regular rate of pay from August 25, 2015 through October 23, 2015 was $10.00 per hour. Under the applicable NYLL and FLSA regulations, prior to October 13, 2015 Good Care Agency was thus required to pay Plaintiff Rasulev and all other members of the class $13.13 per hour, or one and a half times the basic minimum hourly rate, for each overtime hour worked in excess of 40 hours during this period. Starting on October 13, 2015, Good Care Agency was required to Pay Plaintiff Rasulev and all other members of the class $15 per hour, or one and a half times their regular hourly rate, for each overtime hour worked in excess of 40 hours during this period.

20. However, from August 25, 2015 through October 23, 2015, Good Care Agency paid Rasulev only $12.00 per overtime hour, which is even less than one and a half times the basic minimum hourly rate ($1.5 \times \$8.75$ at the time = $13.13) required by 12 NYCRR § 142-2.2.

- 5 -

It is also less than one and a half times the regular hourly rate required by the FLSA under 29 CFR Part 552, effective as of October 13, 2015.

21. Plaintiff Rasulev's regular rate of pay from on or about October 24, 2015 through November 9, 2015 was $11.00 per hour. Under the applicable NYLL and FLSA regulations, Good Care Agency was thus required to pay Plaintiff Rasulev and all other members of the class $16.50, or one and a half times their regular hourly rate, for each overtime hour worked in excess of 40 hours during this period.

22. However, from October 24, 2015 through November 3, 2015, Good Care Agency paid Rasulev only $13.13 per overtime hour, which is less than one and a half times the regular hourly rate required by the FLSA under 29 CFR Part 552 effective as of October 13, 2015.

23. Defendant's failure to pay Plaintiff proper overtime compensation required by the FLSA and NYLL was willful.

24. Defendant's unlawful conduct occurred pursuant to a corporate policy and/or practice of minimizing labor costs by denying Plaintiff and the Class compensation in violation of the FLSA and NYLL.

### ii) Denial of "Spread of Hours" Pay for Time Worked In Excess of 10 Hours

25. Defendant is required by New York law to pay Plaintiff and the Class an extra hour's pay for split shifts or any time worked in excess of the 10-hour shift pursuant to 12 N.Y.C.R.R. § 142-2.4.

26. Plaintiff Rasulev and the Class regularly worked more than ten hours per day.

27. For example, Plaintiff Rasulev worked 12 hours without receiving the requisite spread of hours pay on each of the following days in the first half of September 2015: September 1, September 2, September 4, September 7, September 8, September 9, September 11, Septem-

14, September 15, and September 16.

28. Defendant fails to provide "spread of hours" pay to its employees when they work more than ten hours per day.

### iii) Record Keeping Violations

29. Defendant failed to keep accurate or adequate records of hours worked by Plaintiff and the Class as required by the FLSA and the NYLL.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings his claims under the New York Labor Law pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a Class of Good Care Agency employees preliminarily defined as follows:

> All persons who were employed by Good Care Agency as nurses, home health aides, personal care aides, homemakers, housekeepers, physical therapists, occupational therapists, speech therapists, social workers, nutritional therapists, and other medical professionals (collectively "health care workers") who, at any time within six years prior to the date of the filing of this action and thereafter, did not receive full compensation for all overtime hours worked.

31. Excluded from the Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Good Care Agency; and the Judge(s) to whom this case is assigned, their judicial staffs, and any member of the Judges' immediate family.

32. The N.Y. Labor Law count brought by Plaintiff may properly be maintained as a class action against Defendant pursuant to the provisions of Federal Rule of Civil Procedure 23.

33. The size of the Class is more than 100 individuals. The persons in the Class are so numerous that the joinder of all such persons is impracticable.

34. Plaintiff is a member of the Class. His claims are typical of the claims of the

Class and do not conflict with the interests of any other members of the Class. All members of the Class have been subject to and affected by the same or similar conduct.

35. Plaintiff will fairly and adequately protect the interests of all Class members because it is in his best interest to vigorously prosecute the claims alleged herein and to obtain full compensation due to him for the illegal conduct of which he complains. Plaintiff has retained competent and experienced class action attorneys to represent his interests and those of the Class.

36. Questions of law and fact are common to the Class and predominate over any questions affecting only individual members, and a class action will generate common answers to the questions below, which are apt to drive the resolution of this action:

 a. Whether Defendant failed to pay its employees all overtime compensation earned in violation of 29 U.S.C. §§ 201 *et seq.*;

 b. Whether Defendant failed to pay its employees all overtime compensation earned in violation of N.Y. Labor Law §§ 650 et seq. and 12 N.Y.C.R.R. § 142-2.2;

 c. Whether Defendant should compensate its employees for an extra hour of pay for all days when they worked more than 10 hours as required by New York's spread-of-hours law;

 d. Whether Defendant failed to comply with the notice and recordkeeping requirements of the NYLL;

 e. Whether Defendant is liable to the Class;

 f. Whether, and to what extent, equitable relief should be imposed on Defendant to prevent the company from continuing its unlawful labor policies; and

 g. The extent of class-wide injury and the measure of damages for those injuries.

37. A class action is superior to all other available methods for resolving this controversy because i) the prosecution of separate actions by Class members will create a risk of adjudications with respect to individual Class members that will, as a practical matter, be dispositive of the interests of the other Class members not parties to this action, or substantially

- 8 -

impair or impede their ability to protect their interests; ii) the prosecution of separate actions by Class members will create a risk of inconsistent or varying adjudications with respect to individual Class members, which will establish incompatible standards for Defendant's conduct; iii) Defendant has acted or refused to act on grounds generally applicable to all Class members; and iv) questions of law and fact common to the Class predominate over any questions affecting only individual Class members.

38. Accordingly, this action satisfies the requirements set forth under Fed. R. Civ. P. 23(a) and 23(b).

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings his claim under the FLSA on behalf of himself and all other similarly situated employees who were employed by Defendant at any time within the three years prior to the date of the filing of this action and thereafter. The FLSA action includes Good Care Agency's home health aides, nurses, personal care aides, homemakers, housekeepers, physical therapists, occupational therapists, speech therapists, social workers, nutritional therapists, and other medical professionals who have not been fully compensated for all overtime hours at one and a half times the regular rate of pay for all work performed in excess of 40 hours per work week (the "Collective").

40. Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the Collective. The Collective consists of many similarly situated individuals who have been underpaid by Defendant in violation of the FLSA and who would benefit from the issuance of a court supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the members of the Collective pursuant to 29 U.S.C. § 216(b).

## COUNT I

## (FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)

41.     Plaintiff re-alleges and incorporates by reference each and ever allegation contained in the preceding paragraphs as if fully set forth herein.

42.     At all relevant times, Plaintiff and the Collective were employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

43.     At all relevant times, Plaintiff and the Collective were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

44.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, 29 CFR Part 552 effective as of October 13, 2015, apply to Good Care Agency and protect Plaintiff and the Collective.

45.     The FLSA 29 U.S.C. § 206 and 207 mandate that in calculating overtime the employer must utilize the employees' regular rate of pay.

46.     In violation of the FLSA and supporting regulations, Good Care Agency has engaged in a widespread pattern, policy, and practice of failing to pay Plaintiff and the Collective overtime wages at time-and-a-half their regular rate of pay for all hours that they worked over 40 hours in a workweek.

47.     Defendant's unlawful conduct has been willful and intentional. Defendant was aware or should have been aware that its practices with respect to the compensation of Plaintiff and the Collective are unlawful. Because Defendant willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

48.     Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the Collective.

49.     As a result of Defendant's unlawful acts, Plaintiff and the Collective have been

deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT II

## (NEW YORK LABOR LAW ARTICLE 19 – UNPAID OVERTIME WAGES)

50. Plaintiff re-alleges and incorporates by reference each and ever allegation contained in the preceding paragraphs as if fully set forth herein.

51. The overtime wage provisions of Article 19 of the N.Y. Labor Law and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

52. Prior to October 13, 2015, the effective date of updated 29 CFR Part 552 effective as of October 13, 2015, Plaintiff was subject to an exemption of Section 13 of the FLSA. N.Y. Labor Law §§ 650 *et seq.* and 12 NYCRR § 142-2.2 state that "an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended . . . overtime at a wage rate of one and one-half times the basic minimum hourly rate."

53. In violation of N.Y. Labor Law §§ 650 *et seq.* and applicable regulations and wage orders issued by the New York Department of Labor (12 NYCRR § 142-2.2), Good Care Agency has engaged in a widespread pattern and practice of failing to pay its employees full overtime compensation due by paying them a lower overtime rate.

54. By Defendant's knowing or intentional failure to pay Plaintiff and the Class full overtime rate, they have violated N.Y. Labor Law Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

55. Due to Defendant's violations of the N.Y. Labor Law, Plaintiff and the Class are entitled to recover from Defendant their unpaid overtime wages earned and due during the six years prior to the commencement of this action and thereafter, as well as liquidated damages,

reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, pursuant to N.Y. Labor Law § 663.

## COUNT III

### (NEW YORK LABOR LAW ARTICLE 19 – SPREAD-OF-HOURS PAY)

56. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

57. Under 12 NYCRR § 142-2.4 Good Care Agency is required to pay an employee an extra hour of pay for any split-shift or day in which the employee's "spread of hours" exceeds 10 hours. The relevant spread is the time between the beginning and the end of employee's work day including all working time, time off for meals, and time off duty, as defined by 12 NYCRR § 142-2.18.

58. Plaintiff and the Class often work a spread of hours in excess of 10 hours per day. However, Defendant never pays these employees an extra hour of pay on each day on which they worked over 10 hours. Defendant continually violates 12 NYCRR § 142-2.4.

59. By Defendant's intentional failure to pay Plaintiff and the Class spread-of-hours pay, Defendant has willfully violated N.Y. Labor Law Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor regulations.

60. Defendant failed to make, keep, and preserve accurate records with respect to Plaintiff and the Class, including hours worked each workday and total hours worked each workweek, as required by N.Y. Labor Law § 195(4) and supporting regulations.

61. Due to Defendant's violations of the N.Y. Labor Law, Plaintiff and the Class are entitled to recover from Defendant their wages earned and due during the six years previous to commencing this action and thereafter, as well as liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT IV

### (NEW YORK LABOR LAW ARTICLE 6 – RECORDKEEPING VIOLATIONS)

62.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

63.     Good Care Agency failed to provide Plaintiff and the Class a notice containing the rate or rates of pay and basis thereof, the regular pay day, and other information required by N.Y. Labor Law § 195(1)(a).

64.     Due to Defendant's violations of the N.Y. Labor Law, Plaintiff and the Class are entitled to recover from Defendant statutory damages for each workweek that each violation occurred, as well as reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to N.Y. Labor Law § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Iskander Rasulev on his own behalf and on behalf of all other similarly situated persons, seeks the following relief:

    A.     That at the earliest possible time, Plaintiff be allowed to give notice of this Collective Action, or that the Court issue such notice, to the Collective, as defined above. Such notice shall inform the Collective of the filing of this civil action, the nature of this action, and their right to join this action;

    B.     Unpaid overtime pay and an additional and an equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

    C.     Unpaid overtime pay pursuant to N.Y. Labor Law Art. 6 and Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to N.Y. Labor Law § 663;

  D. Spread of hours pay pursuant to New York Labor Law Article 19 and 12 NYCRR § 142-2.4;

  E. All damages pursuant to Defendant's failure to maintain proper records in violation of N.Y. Labor Law §§ 195(1)(a) and 198;

  F. Certification of the Class set forth above pursuant to Rule 23 of the Federal Rules of Civil Procedure;

  G. Designation of Plaintiff as class representative of the Class, and designation of counsel of record as Class Counsel;

  H. Damages of at least $5,000,000 million for unpaid overtime wages and benefits;

  I. Pre-judgment interest and post-judgment interest;

  J. Issuance of a declaratory judgment that the practices complained of herein are unlawful under N.Y. Labor Law Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

  K. Issuance of an injunction requiring Defendant to pay all statutorily required wages pursuant to the N.Y. Labor Law and an order enjoining Defendant from continuing its unlawful policies and practices as described herein with respect to the Class and Collective;

  L. Punitive damages;

  M. Reasonable attorneys' fees and costs of the action; and

  N. Such other relief as this Court shall deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Fed. R. Civ. Pro., Plaintiff Rasulev requests trial by jury in this action of all issues so triable.

Dated: Armonk, New York
April 22, 2016

                         Respectfully submitted,

By: /s/Steven L. Wittels
     Steven L. Wittels
     J. Burkett McInturff
     Tiasha Palikovic
     WITTELS LAW, P.C.
     18 Half Mile Road
     Armonk, New York 10504
     Telephone: (914) 319-9945
     Facsimile:   (914) 273-2563
     slw@wittelslaw.com
     jbm@wittelslaw.com
     tpalikovic@wittelslaw.com

*Attorneys for Plaintiff and the Class*