

| | | |
|---|---|---|
| NEW YORK | | ATLANTA |
| LONDON | | BALTIMORE |
| SINGAPORE | | WILMINGTON |
| PHILADELPHIA | FIRM and AFFILIATE OFFICES | MIAMI |
| CHICAGO | | BOCA RATON |
| WASHINGTON, DC | | PITTSBURGH |
| SAN FRANCISCO | EVE I. KLEIN | NEWARK |
| SILICON VALLEY | DIRECT DIAL: +1 212 692 1065 | LAS VEGAS |
| SAN DIEGO | PERSONAL FAX: +1 212 202 7559 | CHERRY HILL |
| SHANGHAI | E-MAIL: eiklein@duanemorris.com | LAKE TAHOE |
| BOSTON | | MYANMAR |
| HOUSTON | www.duanemorris.com | OMAN |
| LOS ANGELES | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | MEXICO CITY |
| | | ALLIANCE WITH |
| | | MIRANDA & ESTAVILLO |
| | | SRI LANKA |
| | | ALLIANCE WITH |
| | | GOWERS INTERNATIONAL |

July 20, 2016

<u>VIA ECF</u>

Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    **Rasulev v. Good Care Agency, Inc., Case No. 1:16-cv-01993 (LDH) (CLP)**

Dear Judge Hall:

      We represent Defendant Good Care Agency, Inc. As newly appearing counsel, we write to advise the Court prior to tomorrow's pre-motion conference of the basis for Good Care's proposed motion to dismiss, which differs from what the Naydenskiy Law Group proposed in its letter to Your Honor dated June 22, 2016. We informed Plaintiff's counsel of our position earlier today and that we would be filing a letter with the Court detailing the same.

      By way of relevant background, Plaintiff worked for Good Care, a home healthcare agency, for a total of 11 weeks (i.e., from August 25, 2015 through November 9, 2015). Plaintiff alleges he worked 88 hours of overtime for which Good Care did not compensate him at the correct rate, failed to pay him one hour at the minimum rate when he worked over a spread of 10 hours in a workday and owed him damages for failing to give him NYLL 195(1) notices. Plaintiff also claims he is entitled to treble damages (100% damages under both the FLSA and NYLL) for the alleged pay shortfall. Although Good Care disputes much of Plaintiff's claim, on July 19, 2016, it made <u>more than a complete offer of relief</u> to Plaintiff, by both a settlement offer and service of a Rule 68 offer. The payment offered, namely $7,128.90, which included $1,500 above Plaintiff's claimed damages, <u>was then actually tendered to Plaintiff in a direct deposit to his bank</u> account on July 20, 2016. Since Good Care has tendered to Plaintiff more than he claims he is owed, Plaintiff's claim is moot as a result of a lack of a justiciable dispute.

      Art. III, § 2, of the United States Constitution limits federal court jurisdiction to "cases" and "controversies." The Supreme Court has interpreted this requirement "to demand that an actual controversy … be extant at all states of review, not merely at the time the complaint is filed." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669, 193 L. Ed. 2d 571, 579 (2016)

DuaneMorris

Honorable LaShann DeArcy Hall
July 20, 2016, Page 2

(*internal citations omitted*) "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed...." *Genesis Healthcare Corp. v. Symcyzk*, 133 S. Ct. 1523, 1528, 185 L. Ed. 2d 636 (2013) (quotes omitted). This requirement ensures that the federal courts confine themselves and their resources to adjudicating live controversies, regardless if the parties continue to dispute the lawfulness of conduct that precipitated the lawsuit. *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726-727, 184 L. Ed. 2d 533 (2013). The Supreme Court has repeatedly held that where the defendant has paid or returned all that is claimed or waived a disputed right, the case must be dismissed as moot. *See. e.g., Alvarez v. Smith*, 558 U.S. 87, 92, 97, 130 S. Ct. 576, (2009)(where state returned seized cars and cash, there was "no longer any actual controversy between the parties" despite their continued dispute about lawfulness of state's hearing procedures); *Already, LLC*, *supra* (Nike's unilateral filing of a covenant not to sue promising not to bring any trademark claims involving Already's similar footwear designs mooted claim); *California v. San Pablo & Tulare R. Co.*, 149 U.S 308, 13 S. Ct. 876, (1893) (railroad's deposit of taxes claimed by state in its bank account mooted state's claim).

In *Gomez*, the Court recently held that an unaccepted offer of judgment under Rule 68 did not moot the individual plaintiff's claims since the plaintiff "remained empty-handed." In addressing the dissenting opinion of Chief Justice Roberts (joined by Justices Alito and Scalia), who would have held that an unaccepted offer of judgment for complete relief moots the case when the defendant can actually make the payment, the Court majority expressly distinguished the dissent's reliance on *Alvarez, Already* and *San Pablo* on the ground that in those cases <u>the plaintiffs actually received complete relief</u>. The Court explained a rejected Rule 68 offer presents a different circumstance from one in which the defendant "deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id*. at 672. Since *Gomez*, courts have dismissed plaintiffs' claims as moot upon a defendants' actual tender of complete relief.

In *Leyse v. Lifetime Entm't Servs*, LLC, 2016 U.S. Dist. LEXIS 47877 (S.D.N.Y. Mar. 17, 2016), the Court granted defendant's motion to dismiss plaintiff's TCPA claim as moot when defendant deposited an unaccepted settlement payment constituting full relief with the court. Judge Hellerstein explained "[*Gomez*] did not disrupt the Second Circuit's precedent allowing for the entry of judgment for the plaintiff over plaintiff's objections" in circumstances where "the defendant has furnished full relief." *Id*. at *4, 5. "'If the defendant has thus thrown in the towel there is nothing left for the district court to do except enter judgment. The absence of a controversy in the constitutional sense precludes the court from issuing an opinion on whether the defendant actually violated the law.'" *Id*. at *5 (citing *Chathas v. Local 134 IBEW*, 233 F.3d 508, 512 (7th Cir. 2000); *Price v Berman's Auto, Inc.*, 2016 U.S. Dist. LEXIS 35807 (D. Md. Mar. 21, 2016)(once defendant reissued unconditional cashier's check for full relief court stated it would will grant motion to dismiss); *Grice v. Colvin*, 2016 U.S. Dist. LEXIS 32823 (D. Md. Mar. 14, 2016)(granting SSA motion to dismiss for lack of subject matter jurisdiction after it granted waivers to plaintiffs for overpayments it claimed was due to it); *Sesay v. IRS,* 2011 Dist. LEXIS 38948 (S.D.N.Y. Feb. 2, 2011)(dismissing plaintiff's claim against IRS for tax refund as moot after IRS tendered complete payment).

Honorable LaShann DeArcy Hall
July 20, 2016,                                                                                                                         Page 3

       Plaintiff's purported status as a putative FLSA and/or Rule 23 NYLL class representative does not keep his complaint alive given he no longer has a personal stake in the action. *Symczyk, supra*. In *Symczyk*, the plaintiff brought a collective action under the FLSA. The district court dismissed the case as moot following defendant's Rule 68 offer which provided complete relief and since no other individuals had joined the lawsuit.[1] The Third Circuit reversed holding the plaintiff had the right to seek conditional certification and, if successful, it would relate back to the commencement of the action and permit the case to move forward. The Supreme Court reversed, holding plaintiff's collective-action allegations were insufficient to render the action justiciable given the mootness of her individual claim. The Court explained, "[plaintiff's] suit became moot because she lacked any personal interest in representing others in this action." *Id*. at 1529. Significantly, the Court expressly rejected plaintiff's argument that the action should survive because the purposes served by the FLSA's collective-action provisions would be frustrated by defendant's use of Rule 68 to "pick off" named plaintiffs. *Id*. at 1531-32.

       Plaintiff's status as a putative Rule 23 representative provides him no additional immunity from dismissal on mootness grounds. Under Rule 23, a putative class does not acquire independent status until a court grants certification. *Id*. at 1523. And although the Court in *Gomez* did not expressly decide whether a plaintiff whose claims is mooted by a tender of complete relief fares any differently when he has asserted a class claim under Rule 23, "the Court did note, in accordance with its long-standing precedent, that "'[w]hile a class lacks independent status until certified, a would-be class representative *with a live claim of her own* must be accorded a fair opportunity to show that certification is warranted.'" *Grice*, at 24, (emphasis in original), *citing Gomez* at 672. As such, given that no class has been certified here (indeed no certification motion has even been filed), Plaintiff has no standing to pursue it since his individual claim is moot.[2] In *Grice*, the court dismissed plaintiff's individual and Rule 23 claims in the precise procedural posture as is the case here, namely defendant's tender of complete relief prior to plaintiff's filing of a class certification motion.

       Finally, even assuming, *arguendo*, Plaintiff somehow had standing to pursue his Rule 23 claim despite his individual claim being moot, the Court should decline to exercise supplemental jurisdiction over it at this early stage of the proceeding, given that *Symczyk* makes clear he has no standing to pursue his FLSA claim and he cannot rely on the CAFA for federal jurisdiction since the class claims, even trebled, are nowhere near $5,000,000.

                                                                     Respectfully yours,

                                                                     */s/ Eve I. Klein*

                                                                     Eve I. Klein

---

[1] The *Symcyk* Court did not reach the issue ultimately addressed by the Court in *Gomez* as to whether an unaccepted Rule 68 offer without a tender could moot a case as the plaintiff conceded the issue before the district court and did not raise it in opposition to the petition for certiorari.

[2] Because Rule 23 class certification has not been granted (or denied and subject to appeal) before Good Care's tender of complete relief, and since a wage and hour case does not fall into the narrow exception for "inherently transitory" classes, plaintiff has no standing as a class representative. *Symczyk* at 1529-31.