

# WITTELS LAW
New York & New Jersey

**Steven L. Wittels**  
**Partner**  
slw@wittelslaw.com

18 Half Mile Road  
Armonk, New York 10504  
T: (914) 319-9945   F: (914) 273-2563

July 29, 2016

**Via ECF**  
Honorable LeShann DeArcy Hall  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

    Re:    <u>Rasulev v. Good Care Agency, Inc, No. 16 Civ. 1993-LDH-CLP</u>

Dear Judge DeArcy Hall:

    On behalf of Plaintiff Iskander Rasulev and the proposed Class ("Plaintiff") in this wage and hour litigation, we write in response to Defendant Good Care Agency, Inc.'s ("Good Care" or "Defendant") second pre-motion conference request which offers a new basis for Defendant's dismissal motion. ECF No. 22.

    By way of background, this class action challenges Defendant's systemic wage and hour violations. Compl. ¶¶ 2, 18-24 (ECF No. 1). Defendant cannot dispute that this suit has merit, as Good Care's violations are chronicled on Plaintiff's paystubs. *Id*. ¶¶ 18-24. In fact, Defendant's new counsel attributes them to a payroll mistake. Further, defense counsel informed this Court at the July 21, 2016 hearing that Mr. Rasulev is not alone. Counsel stated that approximately 100 other Good Care workers were also improperly paid.

    Instead of making restitution for its unlawful conduct, however, Defendant seeks to gain the upper hand through dubious tactics, which regrettably is not new for Good Care. As noted in Defendant's June 1 letter to Your Honor (ECF No. 11), on February 11, 2016, Good Care sued Mr. Rasulev for $475,000 plus attorneys' fees and costs alleging that this $10 per-hour worker had violated certain confidentiality and non-solicitation obligations. To avoid the expense of a protracted battle to vindicate himself, Mr. Rasulev settled with his former employer for a *de minimis* sum ($2,000).[1] Defendant's scorched earth litigation tactics have also carried over to this unrelated wage and hour class action. For example, a week after Judge Pollak entered a discovery scheduling order on June 21st setting late-August dates for the parties to respond to written discovery Good Care issued a subpoena to Mr. Rasulev's current employer. The

---

[1] As explained in our June 27, 2016 letter to Your Honor (ECF No. 18), on June 22, 2016 New York Attorney General Schneiderman settled claims against national sandwich chain Jimmy Johns over illegal non-compete agreements like the one that was the basis for Good Care's lawsuit against Mr. Rasulev. The Attorney General noted that "[n]on-compete agreements for low-wage workers are unconscionable[,]" because "[t]hey limit mobility and opportunity for vulnerable workers and bully them into staying with the threat of being sued[,]" which is exactly what Good Care did to Mr. Rasulev. *Id*.

retaliatory purpose of this subpoena is manifest, as Defendant didn't even bother to first make its request through already scheduled discovery.[2] Worse, Defendant served the subpoena over Plaintiff's counsel's objection (which was communicated within an hour after we received notice that defense counsel would be attempting a long-outlawed harassment tactic).[3]

Defendant's latest ploy is equally distasteful. After Mr. Rasulev did not accept Good Care's first ***three*** Rule 68 offers of judgment ($3,000 on May 16; $5,750 on June 1; and $10,750 on June 16), Defendant took the extraordinary step of issuing a fourth offer and then deposited $7,128.90 (less *in*applicable taxes) directly into Plaintiff's bank account on the eve of the July 21 hearing. Defendant took these steps without allowing Plaintiff sufficient time to reject the offer (less than 24 hours) and did not inform Mr. Rasulev's attorneys that Defendant would be making a direct deposit into the bank account Plaintiff had previously used for his Good Care paychecks. Setting aside the offer's various deficiencies (it is insufficient, is less than the prior offer, and applies the wrong tax treatment to certain payments), as well as the problems with the way in which the funds were delivered to Mr. Rasulev (in violation of NYLL Section 192 and the "no-contact rule," DR 7-104 of the New York Code of Professional Responsibility), the law is well settled that Good Care's stratagem cannot end this collective and class action.[4]

Defendant contends that an offer of individual relief to a named plaintiff can moot a class action before there has been a reasonable opportunity to move for class certification. If this argument were accepted it would spell the end of class actions. Defendants like Good Care would opt to pay off a single plaintiff in order to evade liability for conduct that has harmed numerous others—which defense counsel has admitted is exactly the case here. *See Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 384, 386 (S.D. Ohio 2008) ("[T]reating pre-certification settlement offers as mooting the named plaintiffs' claims would have the disastrous effect of enabling defendants to essentially opt-out of Rule 23.") (quotation marks and citation omitted).

Not deterred by the damage its positon could do to our civil justice system, Defendant asserts that two lines of *dicta* in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016) provide a roadmap to upend that case's holding that an unaccepted Rule 68 offer ***cannot*** moot a class action.[5] Yet Defendant's letter fails to identify the three circuits that have recently

---

[2] *See Conrod v. Bank of N. Y.*, 1998 WL 430546 (S.D.N.Y. July 30, 1998) (denying defendant's motion for reconsideration of sanctions for serving Rule 45 subpoena on plaintiff's current employer because of the "direct negative effect that disclosures of disputes with past employers can have on present employment; subpoenas in this context, if warranted at all, should be used only as a last resort.").

[3] Because Plaintiff's counsel convinced Defendant that such conduct was sanctionable, the subpoena was voluntarily withdrawn on July 1, 2016.

[4] While Plaintiff's counsel believe a case can be made that Defendant's actions warrant sanctions, at this time Plaintiff opts to pursue his claims on the merits rather that side-track the main case with litigation about Defendant's and its counsels' unseemly conduct.

[5] The language Defendant relies on is as follows: "We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an

*Footnote continued on following page.*

concluded post-*Campbell-Ewald* that, even if a plaintiff receives complete relief on her individual claims, the proposed class action remains justiciable. *Chen v. Allstate Ins. Co.*, No. 13 Civ. 16816, 2016 WL 1425869, at *10 (9th Cir. Apr. 12, 2016) ("[W]hen a defendant consents to judgment affording complete relief on a named plaintiff's individual claims before certification, but fails to offer complete relief on the plaintiff's class claims, a court should not enter judgment on the individual claims, over the plaintiff's objection, before the plaintiff has had a fair opportunity to move for class certification."); *Wilson v. Gordon*, 822 F.3d 934, 949-50 (6th Cir. 2016) (noting that the class action pick off exception survived recent attempts to overturn this doctrine at the Supreme Court); *Richardson v. Bledsoe*, No. 15 Civ. 2876, 2016 WL 3854216, at *8 (3d Cir. July 15, 2016) ("[W]hen a would-be class representative is *not* given a 'fair opportunity' to show that certification is warranted (perhaps because her individual claim became moot before she could reasonably have been expected to file for class certification), she should be permitted to continue seeking class certification for some period of time after her claim has become moot.") (quoting *Campbell-Ewald*, 136 S.Ct. at 672) (emphasis in original).

Courts in this district are in accord. *See Brady v. Basic Research, L.L.C.*, No. 13 Civ. 7169 (SJF) (ARL), 2016 WL 1735856, at *1 (E.D.N.Y. May 2, 2016) ("Entering judgment against Defendants over Plaintiffs' objections before Plaintiffs have had the opportunity to file a class certification motion as Defendants request would ignore the Supreme Court's holding [in *Campbell-Ewald*]."). This is why Defendant's letter does not (and cannot) cite a single case from this circuit where a class action has been mooted before the plaintiff is afforded a reasonable opportunity to move for certification. In fact, as noted by Judge Feuerstein in *Brady*, courts "are in agreement that a defendant is no longer able to moot a putative class action by tendering payment to a named plaintiff and asking the court to enter judgment against it over the plaintiff's objection." *Id*. at *2.[6] Indeed, virtually every court to consider this latest effort to block class actions has rejected the tactic out of hand. *See S. Orange Chiropractic Ctr., LLC v. Cayan LLC*, No. CV 15-13069-PBS, 2016 WL 3064054, at *2 (D. Mass. May 31, 2016) ("[T]he courts to rule on this issue since *Campbell-Ewald* are in harmony: every attempt by a defendant to 'pick off' the named plaintiff with hopes of mooting the proposed class action has been rebuffed."); *Family Med. Pharmacy, LLC v. Perfumania Holdings, Inc.*, No. 15 Civ. 0563, 2016 WL 3676601, at *5 (S.D. Ala. July 5, 2016) (collecting cases and describing the "game of whac-a-mole" that will ensue if such tactics are allowed). Even the defendant in *Campbell-Ewald* was rebuked last month when it tried to upend its loss at the Supreme Court by sending plaintiff's counsel a $10,000 check. *See* Civil Minutes at 3, *Campbell-Ewald Co. v. Gomez*, No. 10 Civ. 2007 (DMG) (June 3, 2016), attached as Ex. A (Campbell-Ewald could not "force Gomez to accept a settlement . . . merely by sending his counsel an unsolicited check . . . .").[7]

---

account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount. That question is appropriately reserved for a case in which it is not hypothetical." *Id.* at 672.

[6] *Brady* also easily distinguishes two of Good Care's four cases: In *Leyse* class certification had been denied and *Price* was not a class action. As for Defendant's two other cases, *Sesay* was also not a class action and *Grice* is clearly an outlier. That case is also on appeal to the Fourth Circuit.

[7] We would also like to address Your Honor at the next conference regarding Defendant's refusal to

*Footnote continued on following page.*

      Thank you for the Court's consideration.

                                              Respectfully submitted,

                                              /s/ Steven L. Wittels
                                                  Steven L. Wittels

cc:    All Counsel of Record *(via ECF)*

---

provide Plaintiff's counsel with basic information concerning its communications to other members of the Class. At the July 21 conference, Defendant's counsel stated that Good Care was issuing payments to Class Members as a result of this lawsuit, but Defendant has refused to provide any detail concerning its communications to the Class. *See In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d 237, 253 (S.D.N.Y. 2005) ("A court has supervisory authority over a defendant's communications with putative class members[,]" and "when a defendant contacts putative class members for the purpose of altering the status of a pending litigation, such communication is improper without judicial authorization."). Given Defendant's complete refusal to disclose the nature of its contact with Class Members we are concerned that Court supervision or corrective notice may be necessary.