NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
SHANGHAI
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY



FIRM and AFFILIATE OFFICES

EVE I. KLEIN
DIRECT DIAL: +1 212 692 1065
PERSONAL FAX: +1 212 202 7559
E-MAIL: eiklein@duanemorris.com

www.duanemorris.com

ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO
SRI LANKA
ALLIANCE WITH
GOWERS INTERNATIONAL

August 15, 2016

*VIA ECF*

Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    **Rasulev v. Good Care Agency, Inc., No. 16-cv-1993 (LDH) (CLP)**

Dear Judge Pollak:

    We represent the Defendant, Good Care Agency, Inc., together with the Law Offices of Irene Sinayskaya, PC. Duane Morris entered an appearance in this case on July 18, 2016. We submit this letter to address Plaintiff's counsel's refusal to agree to a date for the deposition of the Plaintiff, referenced in counsel's letter of earlier today.

    This case involves the claim of Plaintiff, a former home healthcare attendant of Defendant. Plaintiff seeks overtime wages he claims were incorrectly paid to him *during his 11-week tenure* with Defendant. Plaintiff also seeks to represent an FLSA collective and Rule 23 class for purported claims of overtime compensation going back a period of years before Plaintiff's brief employment with Defendant.

    At our pre-motion conference with Judge Hall on July 21, 2016, I informed the Court that Defendant would not be proceeding with the motion proposed by prior counsel, but did want to file a motion to dismiss on the basis that Defendant tendered complete relief to Plaintiff on July 20, 2016 and, as such, Plaintiff's claims were moot based on the Supreme Court's decisions in *Campbell-Ewald v. Gomez*, 136 S.Ct. 663 (2016) and *Genesis Healthcare Corp v. Symczyk,* 133 S.Ct. 1523 (2013). The Court scheduled a new pre-motion conference to further discuss this issue on October 6, 2016 and will then set a briefing schedule.

    Since discovery will be running concurrently with motion practice, per Judge Hall's order, the parties reached agreement on the discovery schedule referenced in Mr. Wittels' letter,



which will result in Defendant producing documentation and addressing interrogatories posed by Plaintiff. However, Plaintiff's counsel refused to agree to a date to produce Plaintiff Rasulev – which is essentially the only valuable discovery the Defendant actually gets in a case of this type. Taking the deposition of the Plaintiff is obviously important for numerous reasons, including, but not limited to, determining whether Plaintiff: (i) is *similarly situated* for purposes of conditional certification to the myriad of Defendant's employees in 10 plus job classifications he seeks to represent as stated in ¶ 39 of his Complaint, (ii) has *common claims* as amongst other employees in his job classification, along with the 10 other job classifications he also seeks to represent for Rule 23 purposes, per ¶ 30 of his Complaint, (iii) has claims and damages *that can be determined on a class-wide basis*, and (iii) is *an adequate and suitable individual with a justiciable claim* to represent an FLSA collective and Rule 23 class given the fact that full relief was tendered to Plaintiff, he worked for Defendant in only one position for a very brief time and left under circumstances which call into question his honesty and integrity relative to his receipt of wages for time worked.

Contrary to counsel's representation in his letter, we asked to take Plaintiff's deposition by October 20, 2016 (both orally and in writing) *and after* we produce all documents relevant to the Plaintiff himself. We did not ask to depose Plaintiff "in early October prior to virtually all document discovery." Just the contrary is true. The stated basis of counsel's refusal to produce Plaintiff as of October 20, 2016 for his deposition is that he does not believe it is appropriate for Plaintiff to be deposed until a much later stage in the discovery process. Defendant certainly wants the ability to depose Plaintiff as soon as possible.

Thank you for the Court's consideration.

Respectfully yours,

*/s/ Eve I. Klein*

Eve I. Klein

EIK:jb
Cc: Wittels Law