

| | | |
|---|---|---|
| NEW YORK | *FIRM and AFFILIATE OFFICES* | ATLANTA |
| LONDON | | BALTIMORE |
| SINGAPORE | | WILMINGTON |
| PHILADELPHIA | | MIAMI |
| CHICAGO | | BOCA RATON |
| WASHINGTON, DC | | PITTSBURGH |
| SAN FRANCISCO | EVE I. KLEIN | NEWARK |
| SILICON VALLEY | DIRECT DIAL: +1 212 692 1065 | LAS VEGAS |
| SAN DIEGO | PERSONAL FAX: +1 212 202 7559 | CHERRY HILL |
| SHANGHAI | *E-MAIL:* eiklein@duanemorris.com | LAKE TAHOE |
| BOSTON | | MYANMAR |
| HOUSTON | *www.duanemorris.com* | OMAN |
| LOS ANGELES | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | MEXICO CITY |
| | | ALLIANCE WITH |
| | | MIRANDA & ESTAVILLO |
| | | SRI LANKA |
| | | ALLIANCE WITH |
| | | GOWERS INTERNATIONAL |

December 9, 2016

**<u>VIA ECF</u>**

Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: **<u>Rasulev v. Good Care Agency, Inc., Case No. 1:16-cv-01993 (LDH) (CLP)</u>**

Dear Judge Hall:

  As you know, we represent Defendant Good Care Agency, Inc., together with the Law Offices of Irene Sinayskaya, PC., in the above referenced matter. In accordance with Your Honor's Individual Rule III.A., Defendant requests a pre-motion conference to file a motion to dismiss under Fed. R. Civ. P. 12(b)(1) on the ground that Defendant's tender of complete relief to Plaintiff moots his claims. In the event Defendant's motion on that basis is denied, Defendant moves under Fed. R. Civ. P. 12(b)(6) to dismiss Count IV (NYLL Spread of Hours Pay), Count VI (NYLL Failure to Provide Annual Wage Notices)[1], Count VII (NYLL Failure to Provide Accurate Wage Statements), VIII (NYLL Failure to Pay Earned Wages Mandated by the Wage Parity Law ("WPL")), Count IX (In the Alternative, Unjust Enrichment) and Plaintiff's claims for stacked liquidated damages, because these are not viable claims as a matter of law.

  Subsequent to the pre-motion conference held before Your Honor on October 18, 2016, and in an attempt to undercut Defendant's basis for its motion to dismiss, Plaintiff filed an Amended Complaint loaded with meritless claims. Specifically, Plaintiff added additional class claims alleging violations of (1) the FLSA's prompt payment requirement; (2) the timeliness and frequency of pay rules pursuant to NYLL § 191(1)(a)(i); and (3) WPL/unjust enrichment.

---

[1] Based on the damages sought in Count VI in Plaintiff's Amended Complaint, Defendant assumes for purposes of this letter motion that it is incorrectly titled and Plaintiff intends to allege that Defendant failed to provide proper pay notices at the time of hire. However, if Plaintiff is alleging failure to provide annual wage notices, such a claim should be dismissed since the duty to provide annual wage notices was eliminated prior to Plaintiff's employment with Defendant. *See Assemb. 8106-C, 2013-2014 Reg. Sess. (N.Y. 2014)*.

DUANE MORRIS LLP

1540 BROADWAY NEW YORK, NY 10036-4086  PHONE: +1 212 692 1000 FAX: +1 212 692 1020

DuaneMorris

Honorable LaShann DeArcy Hall
December 9, 2016,                                                                                                   Page 2

   Defendant maintains its position set forth in the July 20, 2016 letter to the Court (Dkt. 22) that Good Care's tender of complete relief to Plaintiff on July 20, 2016, in accordance with its Rule 68 and settlement offers of July 19, 2016, moots his claim and extinguishes Plaintiff's standing as either a pre-certification Rule 23 or pre-opt in FLSA class representative, as there is no additional relief he could conceivably obtain at a trial for his 11-weeks of employment.  As the Court is aware, on July 20, 2016, Defendant tendered to Plaintiff the gross sum of $7,128.90, less payroll and withholding taxes, via bank deposit.  This tender exceeds what Plaintiff would be entitled to for all his viable claims, and in fact included tender for additional claims, like spread of hours and duplicative liquidated damage claims subject to dismissal in their own right.

   Plaintiff's claim of entitlement to spread of hours pay must be dismissed because the vast majority of and better reasoned decisions in the Second Circuit have held that New York's spread of hours provision applies only to employees earning minimum wage. *See, e.g., Baltierra v. Advantage Pest Control Co.*, 2015 U.S. Dist. LEXIS 124961 (S.D.N.Y. Sept. 18, 2015) (This Court agrees with the majority view because the language of New York's spread of hours provision specifically states that the premium is 'in addition to the minimum wage.' 12 N.Y.C.R.R. § 142-2.4. 'It is therefore to be expected that the provision will not affect workers whose total weekly compensation is already sufficiently above the minimum rate.'); *Chan v. Triple 8 Palace, Inc.*, 03 Civ. 6048, 2006 U.S. Dist. LEXIS 15780, 2006 WL 851749 at *21 (S.D.N.Y. Mar. 30, 2006) ("The plain text of § [142-2.4] ensures an additional wage only 'in addition to the minimum wage' required under New York law (emphasis added). It is therefore to be expected that the provision will not affect workers whose total weekly compensation is already sufficiently above the minimum rate.").  The NYS Department of Labor concurs with these decisions.  *See N.Y.S. Dep't of Labor 3/16/07 Opinion Letter at 1, File No. RO-07-0009; N.Y.S. Dep't of Labor 4/12/06 Opinion Letter at 2, File No. RO-06-0027.*  Plaintiff's Amended Complaint acknowledges that Plaintiff was paid well above the applicable minimum wage at all times, precluding him from obtaining any spread of hours pay as a matter of law.

   Further, Plaintiff's claim of lagged payment falls short of violating the spirit of the prompt payment requirement of the NYLL or the FLSA since Plaintiff was in fact actually paid by Defendant every week after the initial lag and the alleged violation stems purely from an accounting perspective. However, in *Rogers v. City of Troy*, 148 F.3d 52 (2d Cir.1998), the Second Circuit decided the institution of a lag pay schedule did not necessarily offend the prompt payment requirement of the FLSA, provided that lagging pay does not result in an "unreasonable delay in the payment of wages." *Id.* at 60. That Court's utilization of a standard of reasonableness clearly indicates that however strictly the FLSA may be applied to regularly scheduled wage payments, it is not to be so strictly construed with respect to lagged pay. *Gorski v. State*, 23 Misc. 3d 327, 874 N.Y.S.2d 347, 351 (Ct. Cl. 2008). The court in *Rogers* contemplated whether changing an employee's payment schedule from unlagged to lagged could constitute a violation of the FLSA's prompt payment requirement. The court concluded that when such a change is permanent and is not designed to "evade the minimum wage, overtime, or prompt payment requirements of the FLSA, the values that the Act is designed to protect - guaranteeing workers a minimum wage and reasonable hours - are not offended." The instant case, like that of *Rogers*, involves a lagged wage schedule, where Plaintiff was actually paid on a

Honorable LaShann DeArcy Hall
December 9, 2016, Page 3

DuaneMorris

set weekly schedule in satisfaction of the spirit of the FLSA and NYLL.[2] If Plaintiff's theory were to be followed, it would lead to an absurd result, run afoul of the spirit of the Act and of the standard of reasonableness set out in *Rogers*. As such, this claim should be dismissed.

Plaintiff is not entitled to recover liquidated damages under both the NYLL or FLSA for the same harm and, as such, his claim for duplicative damages must be dismissed. *See Cabrera v. Dream Team Tavern Corp.*, No. 12-CV-6323, 2016 WL 6208245 (E.D.N.Y. Apr. 29, 2016).

Plaintiff has also pled in a conclusory fashion Defendant did not provide him with proper wage notices and accurate wage statements as required by the NYLL. However, because it cannot be factually disputed that Plaintiff was indeed provided with a wage notice at the time of hiring and did receive earning statements for each pay period in compliance with the NYLL, this claim must be dismissed.

Lastly, Plaintiff's claim for violation of WPL must be dismissed as the WPL does not have an express or implicit private right of action for home health care workers to pursue against employers who violate the Act. This is further evidenced by the legislative purpose of the WPL, which was to bring total compensation for Medicaid-reimbursed home care aides in the metropolitan New York area into line with compensation paid to aides who are under contract with New York City, and the absence of a private right of action claim in leading case law.[3] Plaintiff's attempt to circumvent the lack of a private right of action under the WPL by pleading an alternative cause of action for unjust enrichment is equally futile because a claim of unjust enrichment must be dismissed if a valid and enforceable written agreement governing the matter exists. Here, Plaintiff specifically acknowledges the existence of a contract. (Compl. ¶ 47, 114). *See Goldman v. Metro. Life Ins. Co.*, 5 N.Y.3d 561, 572, 841 N.E.2d 742, 746 (2005) (theory of unjust enrichment is a quasi-contract claim and an obligation the law creates in absence of any agreement); *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 388, 516 N.E.2d 190, 193 (1987) (existence of valid and enforceable written agreement governing particular subject matter precludes recovery in quasi-contract for events arising out of same subject matter).

We thank the Court for its consideration of this matter.

Respectfully yours,

*/s/ Eve I. Klein*

Eve I. Klein

---

[2] This standard is applicable to "Labor Law § 191, a section entitled 'Frequency of Payments' addressing the time period within which wages must be paid, and appears to be a corollary to the prompt payment requirement of the FLSA." *Gorski v. State*, 23 Misc. 3d 327, 874 N.Y.S.2d 347, 352 (Ct. Cl. 2008).

[3] Compliance with the WPL is assessed on an individual basis, and not susceptible to class treatment.